# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:22-cr-00284 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| JAMARLON HAILEY ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Jamarlon Hailey's Motion to Sever Counts (Doc. No. 21), and the Government's response (Doc. No. 25). For the reasons discussed below, the motion is **DENIED**.

### I. BACKGROUND

On August 22, 2022, a Grand Jury returned an indictment charging Jamarlon Hailey with two counts: Count One alleges unlawful possession of 0.40 caliber ammunition on September 9, 2020; Count Two alleges unlawful possession of a .40 caliber firearm on January 22, 2022. (Doc. No. 1). Law enforcement discovered the firearm in January 2022 while arresting Defendant on outstanding warrants from the September 2020 incident. The Government states that the .40 caliber ammunition allegedly possessed in September 2020 was contained in a Glock branded extended magazine, and that the ammunition and the extended magazine were compatible with the .40 caliber Glock pistol Defendant allegedly possessed in January 2022.

### II. ANALYSIS

**A. Joinder**

Federal Rules of Criminal Procedure 8 ("Rule 8") governs joinder of offenses. Under this Rule, "the indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or

similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." Fed. R. Crim. P. 8(a). Whether joinder is appropriate under Rule 8(a) is determined from the allegations on the face of the indictment. *United States v. Chavis*, 296 F.3d 450, 456-57 (6th Cir. 2002).

Defendant argues Counts One and Two were misjoined under Rule 8 because the possession of ammunition and possession of a firearm on dates 15 months apart are not the same or similar in character, not based on the same act or transaction, and are not connected as part of a common scheme or plan. The Government concedes the two charges are not part of the "same act or transaction," but argues that the possession of .40 caliber ammunition is "of the same or similar character" to possession of a Glock .40 caliber pistol.

Defendant argues ammunition and guns are not the same or similar in character because of the lack of temporal proximity and because the charges require proof of different elements. Defendant points to two cases: *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (joinder of drug and firearms offenses almost two years apart was improper), and *United States v. Wilkins*, 253 F. App'x 538, 541 (6th Cir. 2007) (joinder of charges for possession of ammunition and firearms on dates approximately three months apart was proper). Defendant highlights the temporal proximity of the charges in *Wilkins* and lack thereof in *Chavis*. The Government argues the "same or similar character" analysis does not require the temporal proximity that Defendant suggests. The Court agrees.

In *Wilkins* the charges for possession of firearms and possession of ammunition were based on conduct three months apart. 253 F. App'x at 541. But the decision does not suggest that temporal proximity was essential to the determination that the charges for possession of firearms and possession of ammunition were "of the same or similar character."

2

Case 3:22-cr-00284    Document 27    Filed 04/30/24    Page 2 of 5 PageID #: 62

In *Chavis*, the Court found charges for possession of firearms and possession of drugs on occasions 21 months apart were not properly joined. The Court observed that the "significant gap in time" between the two offenses demonstrated the lack of connection between the offenses and found no evidence or allegation in the indictment suggesting that the drug and gun charges arose out of the same act or transaction or were part of a common scheme or plan. 296 F.3d at 458. The Court then considered whether the firearms charge was of the same or similar character as the drug charge and concluded it was not, noting that the two counts were both dissimilar and unrelated. *Id*. at 460-61. In reaching this conclusion, the *Chavis* court remarked that joinder of offenses that are of the same or similar character, but otherwise unrelated, such as unconnected drug charges, is "explicitly permitted under Rule 8(a)," which suggests that temporal proximity has minimal importance in determining whether charges are of the "same or similar character." *Id*. (citing *United States v. Reynolds*, 489 F.2d 4, 6 (6th Cir. 1973)).

Unlike in *Chavis* the charges in this case – possession of firearms and ammunition – though not the "same," are sufficiently "similar" that joinder is proper under Rule 8(a). Other than the dates of the offenses, the only difference between the charges is that Count One charges possession of .40 caliber firearm ammunition and Count Two charges possession of a .40 caliber firearm. Counts One and Two of the Indictment charge violations of the same statute and require proof of the same elements. This is sufficient similarity for purposes of Rule 8(a).

**B. Prejudice**

Rule 14 allows the Court to sever counts for trial if the joinder of offenses appears to prejudice the defendant or the government. Fed. R. Crim. P. 14(a). To prevail on a request for severance, the defendant must show compelling, specific, and actual prejudice. *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *see also*, *Thomas v. United States*, 849 F.3d 669, 676

3

(6th Cir. 2017) (stating that "spillover of evidence between counts does not require severance unless there is 'substantial,' 'undue,' or 'compelling' prejudice"). "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *Driver*, 535 F.3d at 427 (quoting *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987)). The Court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Howell*, 17 F.4th 673, 686 (6th Cir. 2021) (quoting *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993)).

Defendant argues even if the Counts were properly joined under Rule 8, he will be prejudiced if the Counts are tried together because the jury will be unable to separate the evidence from the two offenses and will be unable to render a fair and impartial verdict as to each offense. Defendant contends a curative or limiting jury instruction will be insufficient to cure this prejudice.

The Government responds that the risk of prejudice from joinder of the charges is cured by appropriate jury instructions. The Government adds that even if the charges were severed for trial, it would seek to admit evidence under Rule 404(b) of the September 9, 2020 possession of ammunition in a trial on the January 22, 2022 possession of a firearm and vice versa to show knowledge and intent to possess the firearm/ammunition on the two specific occasions. The Government argues that because the same evidence would be admissible at separate trials, a joint trial promotes judicial economy.

The Court need not consider whether evidence of the separate acts would be admissible under Rule 404(b) if the Counts were severed for trial. The Court expects to instruct the jury that it must make a determination of guilt "for each charge" and that the jury's "decision on one charge … should not influence [its] decision on any of the other charges." *See* Sixth Circuit Pattern Jury

Instruction § 2.01A.  The Court presumes, as it must, that the jury will follow the instructions given. *See United States v. Newhausser*, 241 F.3d 460, 469 (6th Cir. 2001).  These instructions and others will cure any risk of prejudice from a joint trial on the joined offenses.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that the Counts were properly joined under Rule 8(a) and that severance under Rule 14 is not warranted.  Accordingly, the Motion to Sever Counts (Doc. No. 21) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE